

## IN THE
## TENTH COURT OF APPEALS

### No. 10-21-00173-CV

**PHARUS FUNDING, LLC AS ASSIGNEE OF LHR, INC.,**

**Appellant**

**v.**

**JERRY SOLLEY AND LOLA M. SOLLEY,**

**Appellee**

### From the County Court at Law No 1
### Johnson County, Texas
### Trial Court No. C200800653

## DISSENTING OPINION

Standing causes us to fall down again.

This case is about revival. Not the kind of revival that I went to as a child growing up in an Assembly of God church. Not the kind of revival referred to in architecture. But, like those, this is the kind of revival where that which appears to be dead is brought back to life. In this particular instance, it is a dormant judgment that Pharus wants to revive.

The Court has determined that Pharus does not have standing to seek revival of

the judgment; so, it sua sponte vacates "the trial court's order denying the application to revive a dormant judgment and dismiss[es] the application for want of jurisdiction."[1] With that determination, I strongly disagree.

Revival of a dormant judgment would seem pretty simple. The Court cites the statutes and some of the case law, so there is no need to repeat that here. But the Court gets tripped up, stumbles, and falls on whether Pharus has standing. Actually, the fall is caused by whether Pharus has to, at this preliminary stage of the proceeding, prove it has standing, in essence, conclusively prove that it owns the judgment. At this stage of the proceeding, it does not. The allegation of ownership, until properly challenged, is sufficient to confer standing. Capacity to recover as an assignee, which was not challenged in this proceeding, is not in issue.

The Court references the relevant allegations, so I will not repeat them. But it is necessary to summarize the procedure that got us to this point. The Solleys defaulted on payment of their debt. The creditor sued the Solleys. The Solleys did not appear and answer when sued on the debt. A default judgment was rendered against the Solleys. The judgment went dormant. Pharus, alleging it now owns the judgment, moved to revive the judgment, seeking as the first step in that process the issuance of a writ of scire facias. The Solleys, served only pursuant to Rule 21a, did not appear at the hearing on whether to issue the writ. The trial court denied the motion to issue a writ of scire facias. Pharus appealed. The appeal was transferred. The Sixth Court of appeals held there was

---

[1] This raises the question of whether Pharus is entitled to notice of the Court's intent to involuntarily dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

no final judgment and dismissed the appeal.[2] The dismissal of the appeal left the issue pending in the trial court. The trial court did not then dismiss the motion due to the lack of jurisdiction; rather, it ordered "that Plaintiff's Application to Revive Judgment is denied." Pharus again appealed. The Tenth Court now finds Pharus does not have standing, vacates the trial court's order, and dismisses the application for want of jurisdiction. Even if the trial court did not have jurisdiction, we have jurisdiction to review the trial court's denial of the motion to revive the judgment by refusing to take the first step in the scire facias process. That first step, which was denied, is to issue a writ of scire facias. The writ would be personally served on the Solleys so that the Solleys will again be personally served and have the opportunity to appear and show some valid reason the judgment for their debt should not be revived.

The Court faults Pharus for having failed at this stage of the proceeding to provide documentation to prove it owned the judgment. This was not a summary judgment proceeding. This was not a motion to dismiss a baseless claim under Rule 91a. This was not even a plea to the jurisdiction. Nor is this an appeal asserting the trial court had no

---

[2] The Sixth Court of Appeals wrote an excellent opinion that gives a fairly comprehensive discussion of the procedure applicable to revive a dormant judgment. *Pharus Funding, LLC v. Solley*, No. 06-20-00090-CV, 2021 Tex. App. LEXIS 3246 (Tex. App.—Texarkana Apr. 29, 2021, no pet.) (mem. op.). The opinion is a much needed guide to walk a litigant and trial court through the process which is designed to protect the debtor from the very procedural due process pitfall that the trial court and this Court seem to be trying to avoid. But in an effort to avoid one due process violation, both courts seem to have taken it upon themselves to protect the absent debtor while ignoring the rights of the creditor and thus, may be committing another due process violation. As explained by the Sixth Court of Appeals' opinion, in this proceeding, the motion to issue the writ of scire facias is a preliminary procedure, and the writ of scire facias should issue upon the appropriate allegations. A contested evidentiary hearing may be necessary if the debtor appears after being served with the writ of scire facias, asserting a defense to revival, such as payment. It seems that since the current proceeding in the trial court is occurring in the same proceeding in which the trial court's judgment was rendered, signed, and entered and is, in essence, a motion to enforce the trial court's judgment, that everything necessary to support the issuance of the writ is referenced in the motion. But if the judgment is necessary, it is also present in the trial court clerk's record.

jurisdiction. To assert a sufficient interest to proceed on the motion, all Pharus had to do is to allege it owned the judgment. It did that. Pharus has standing. Anything beyond that might go to the merits but not to standing. Not to jurisdiction. *See Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, No. 21-0291, 2023 Tex. LEXIS 24 (Tex. Jan. 13, 2023).[3]

Based on the foregoing analysis, I strongly disagree that this appeal should be dismissed for want of jurisdiction.[4] Moreover, I can find no basis upon which the trial court should have declined to issue the writ of scire facias so that the Solleys could then be personally served with the writ and thereafter, if they so choose, to join issue on the question of whether the judgment can properly be revived.

TOM GRAY
Chief Justice

Dissenting opinion delivered and filed March 15, 2023
Publish



---

[3] This Court appears to be conflating the issuance of the writ of scire facias with the order reviving a dormant judgment. *See* footnote 3 in *Pharus Funding, LLC v. Solley*, No. 06-20-00090-CV, 2021 Tex. App. LEXIS 3246 (Tex. App.—Texarkana Apr. 29, 2021, no pet.) (mem. op.).

[4] This result is contrary to the prior discussion in this proceeding by the Sixth Court of Appeals. *Id.*